[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 10-15970, 10-15971 &10-15972
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 21, 2012
JOHN LEY
CLERK

D.C. Docket Nos. 6:10-cr-00100-ACC-GJK-1, 6:10-cr-00254-ACC-GJK-1,
6:10-cr-00252-ACC-GJK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NICHOLAS BARBATI,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(June 21, 2012)


Before TJOFLAT, EDMONDSON and PRYOR, Circuit Judges.

PER CURIAM:

Nicholas Barbati appeals his sentence of 48 months of imprisonment following his guilty pleas to knowingly filing a false claim with the Internal Revenue Service, 18 U.S.C. § 287, knowingly and intentionally conveying false information of an impending threat and hoax, id. § 1038, and knowingly and willfully communicating a false distress message, 14 U.S.C. § 88(c). Barbati argues that his sentence is procedurally and substantively unreasonable. We affirm.

Barbati is a serial hoaxer. He pleaded guilty to filing 20 false federal tax returns seeking refunds of more than $100,000 for prostitutes that he allegedly employed in an internet escort service; misrepresenting himself as an officer in the U.S. Coast Guard in making a false threat about the space shuttle 45 minutes before its scheduled launch; and reporting falsely to the Coast Guard that he was on a yacht that was "taking on water" off the coast of an island. Barbati's latter two crimes cost the Coast Guard more than $110,000, but that amount does not account for the cost and inconvenience created by Barbati's 584 other false reports to the Coast Guard, including a bomb threat, or his telephone calls to emergency operators in which he reported plans to "kill his baby" and "recreate the Virginia Tech massacre."

The district court did not abuse its discretion.  The district court considered Barbati's request for a sentence at the low end of the advisory range because of childhood abuse and his cooperation with the government.  But the district court reasonably determined that an upward variance to 48 months of imprisonment was required because a sentence within Barbati's advisory guideline range of 24 to 30 months "would not provide just punishment or an adequate deterrence" given the amount of time, money, and manpower expended to resolve his false reports.  Barbati argues that the district court failed to account for his cooperation or the prompt disposition of his charges, but Barbati received a three-level reduction of his adjusted offense level for accepting responsibility and providing assistance to law enforcement.  See United States Sentencing Guidelines Manual § 3E1.1 (Nov. 2010).  Barbati's sentence is reasonable.

Barbati's sentence is **AFFIRMED**.